**IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| The Cotswolds Townhome Association, an Illinois not-for-profit corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 26-cv-2154 ) |
| Westfield Insurance Company, an Ohio corporation, and Old Guard Insurance Company, an Ohio corporation. | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, The Cotswolds Townhome Association, an Illinois not-for-profit corporation, through its attorneys, Steven M. Laduzinsky and Amber M. Juarez of Laduzinsky & Schoop, P.C., for its Complaint against Defendants, Westfield Insurance Company, an Ohio corporation, and Old Guard Insurance Company, an Ohio corporation, states as follows:

## PARTIES

1. Plaintiff, The Cotswolds Townhome Association ("Cotswolds"), is an Illinois not-for-profit corporation operating as a townhome association managing various properties including the following:

   A. 12700 Wild Rye Ct., Plainfield, Illinois 60585-2978
   B. 12701 Wild Rye Ct., Plainfield, Illinois 60585-2978
   C. 12717 Wild Rye Ct., Plainfield, Illinois 60585-2978
   D. 12709 Wild Rye Ct., Plainfield, Illinois 60585-2978
   E. 12724 Wild Rye Ct., Plainfield, Illinois 60585-2978
   F. 12734 Wild Rye Ct., Plainfield, Illinois 60585-2978
   G. 12716 Wild Rye Ct., Plainfield, Illinois 60585-2978
   H. 12708 Wild Rye Ct., Plainfield, Illinois 60585-2978

(hereinafter jointly referred to as the "Property"). Cotswolds is a resident of the Northern District

of Illinois. Cotswolds is a homeowner's association which governs a community and is responsible for maintenance of exterior structures including the Property roofs, roof vents, and gutters.

2. Defendant, Westfield Insurance Company ("Westfield"), is an Ohio corporation licensed and authorized to transact business in the state of Illinois with its principal place of business located in Westfield Center, Ohio. Westfield is a resident of Ohio.

3. Defendant, Old Guard Insurance Company ("Old Guard") is an Ohio corporation licensed and authorized to transact business in the State of Illinois with its principal place of business located in Westfield Center, Ohio. Old Guard is a resident of Ohio.

4. Westfield and Old Guard are hereinafter jointly referred to as "Defendants."

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. This Court further has jurisdiction over this matter pursuant to 28 U.S.C. § 2201 because Plaintiff seeks a declaratory judgment from this Court.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this claim occurred in this District.

## FACTS

7. On or about September 14, 2023, Plaintiff purchased and Defendants issued a Commercial Property insurance policy to Cotswolds, as a named insured, Policy No. CWP355731P (hereinafter referred to as the "Policy"). A true and accurate copy of Policy No. CWP355731P including Declarations pages and all endorsements issued on the Policy is attached and incorporated by reference herein as **Exhibit 1**.

8. The Policy was issued by Westfield.

9. The Policy states that Old Guard is the company providing insurance coverage under the Policy.

10. The Policy had a policy period of September 20, 2023 to September 20, 2024.

11. The Policy states in policy form CP0014 (10/12):

> A. Coverage: We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
>
> > 1. Covered Property: Covered Property, as used in this Coverage Part, means the type of property described in this section, A.1., and limited in A.2. Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.
> >
> > > a. Building, meaning the building or structure described in the Declarations […]

12. Pursuant to the Policy, the Property listed in Paragraph 1 of this Complaint is Covered Property and the Policy applies to direct physical loss of or damage to the Property premises caused by or resulting from any Covered Cause of Loss.

13. Covered Cause of Loss is defined in policy form CP1030 (09/17) stating "When Special is shown in the Declarations, Covered Causes of Loss means direst physical loss unless the loss is excluded or limited in this policy."

14. No exclusion or limit exists in the Policy regarding physical damage to property resulting from hail and/or vandalism

15. Pursuant to the Policy, the Property is Covered Property and provides coverage for property damage from hail and vandalism.

16. On or about February 27, 2024, a large storm with hail struck the area where Plaintiff's Property was located.

17. On or about February 27, 2024, the Property experienced hail damage to the roof, roof vents, and gutters.

18. Various weather sources and media reported that the weather on February 27, 2024 included hail to be ping-pong ball sized at about 1.50 inches and wind gusts up to 70 mph.

19. Weather sources and media further reported that persons should expect wind and hail damage to roofs and siding caused by the February 27, 2024 weather.

20. Shortly after and during the time period of February 28, 2024 to March 26, 2024, Plaintiff's representatives accessed the Property roofs and observed hail damage to the asphalt. Shingles, and metal roof vents.

21. The Policy was in full force and effect at the time of the loss on February 27, 2024.

22. Pursuant to the Policy, hail damage is a Covered Cause of Loss.

23. Plaintiff performed all conditions required under the Policy, including payment of premiums for the Policy.

24. Plaintiff reported the loss and filed a claim with Defendants on March 26, 2024, which was assigned Claim No. 0002545678.

25. In the alternative to hail damages, Plaintiff alleges that the damages to the Property roofs, including shingles, vents, and gutters, was caused due to vandalism.

26. On June 5, 2024, Plaintiff received a partial denial letter from Defendants for its claim. A true and accurate copy of the June 5, 2024 partial denial letter (hereinafter referred to as the "Partial Denial Letter") is attached and incorporated by reference herein as **Exhibit 2**.

27. The Partial Denial Letter asserts that no hail damage was found to the shingles of the Property roofs but that hail dents were identified on the Property metal roof vents as well as down spouts in certain areas.

28. The Partial Denial Letter further asserts that no hail damage was found to the shingles of the Property roofs but rather several areas of "mechanical damage" were identified.

29. Defendants did acknowledge and provided insurance coverage to Plaintiff for the following at the Property:

    A. 12700 Wild Rye Ct., Plainfield, Illinois 60585-2978
        1. Damage to Roof Vent
    B. 12701 Wild Rye Ct., Plainfield, Illinois 60585-2978
        1. Damage to Roof Vent
    C. 12717 Wild Rye Ct., Plainfield, Illinois 60585-2978
        1. Damage to Roof Vent
        2. Damage to Gutter/Downspout
    D. 12724 Wild Rye Ct., Plainfield, Illinois 60585-2978
        1. Damage to Roof Vent
    E. 12734 Wild Rye Ct., Plainfield, Illinois 60585-2978
        1. Damage to Roof Vent
        2. Damage to Gutter/Downspout
    F. 12716 Wild Rye Ct., Plainfield, Illinois 60585-2978
        1. Damage to Roof Vent
    G. 12708 Wild Rye Ct., Plainfield, Illinois 60585-2978
        1. Damage to Roof Vent

A true and accurate copy of the Claim Summary is attached and incorporated by reference herein as **Exhibit 3**.

30. Defendants maintained that the alleged mechanical damage is excluded from coverage under the Policy's provisions regarding wear and tear, and faulty, inadequate, or defective design, repair, and maintenance.

31. Defendants cite no other reason for denying full coverage of Plaintiff's loss.

32. Defendants denied all coverage to Plaintiff for hail damage to the Property roofs, including their shingles, despite acknowledging hail damage to the roof vents on the Property roofs.

## COUNT I
## BREACH OF CONTRACT

33. Plaintiff, The Cotswolds Townhome Association, restates and realleges paragraphs 1 through 32 of the Complaint as paragraph 33 of Count I of the Complaint against Defendants, Westfield Insurance Company and Old Guard Insurance Company, as though fully set forth herein.

34. Plaintiff purchased Policy No. CWP355731P on or about September 14, 2023.

35. The Policy is a valid and enforceable contract between Plaintiff and Defendants.

36. Plaintiff experienced hail damage on or about February 27, 2024 to the Property roofs including shingles, vents, and gutters.

37. Plaintiff performed all conditions required under the Policy, including payment of premiums for the Policy.

38. The hail damage sustained on or about February 27, 2024, was a covered loss under the Policy.

39. Plaintiff filed a claim with Defendants on March 26, 2024, which was assigned Claim No. 0002545678.

40. On June 5, 2024, Defendants partially denied Plaintiff's claim, granting as to hail damage to the Property roof vents and several down spouts but denying as to the Property roof shingles, citing exclusions to the Policy.

41. In the alternative to hail damage, Plaintiff alleges that damage to the Property roof shingles were sustained due to vandalism.

42. Pursuant to either hail damage or vandalism, Plaintiff has suffered a covered loss under the Policy.

43. Defendants breached the Policy by failing to indemnify or pay Plaintiff for the damage to the Property, which was a covered loss under the Policy.

44. As a direct and proximate result of the Defendants' breach of the Policy, Plaintiff has incurred or will incur damages in an amount in excess of $1,000,000 for out-of-pocket expenses in repairing the Property roofs.

45. Plaintiff further asserts that Defendants' refusal to pay the claim is vexatious and unreasonable in violation of 215 ILCS 5/154.6.

46. Plaintiff is entitled to attorneys' fees and other costs pursuant to 215 ILCS 5/155.

WHEREFORE, Plaintiff, The Cotswolds Townhome Association, respectfully requests that this Court enter judgment in its favor and against Defendants, Westfield Insurance Company and Old Guard Insurance Company, and grant the following relief: (a) an amount in excess of $1,000,000 for compensatory damages; (b) statutory penalties as provided for in 215 ILCS 5/155; and (c) attorneys' fees and costs, along with any other relief this Court finds just and proper.

### COUNT II
### DECLARATORY JUDGMENT
### Pursuant to 28 U.S.C. § 2201

47. Plaintiff, The Cotswolds Townhome Association, restates and realleges paragraphs 1 through 32 of the Complaint as paragraph 47 of Count II of the Complaint against Defendants, Westfield Insurance Company and Old Guard Insurance Company, as though fully set forth herein.

48. Plaintiff purchased Policy No. CWP355731P on or about September 14, 2023.

49. The Policy is a valid and enforceable contract between Plaintiff and Defendants.

50. Plaintiff experienced hail damage on or about February 27, 2024 to the Property roofs, its shingles, vents, and gutters.

51. The Policy was in full force and effect at the time of the loss on February 27, 2024.

52. Plaintiff performed all conditions required under the Policy, including payment of premiums for the Policy.

53. The hail damage sustained to the Property roofs, its shingles, vents, and gutters on or about February 27, 2024, was a covered loss under the Policy.

54. Plaintiff filed a claim with Defendants on March 26, 2024, which was assigned Claim No. 0002545678.

55. On June 5, 2024, Defendants partially denied Plaintiff's claim, granting as to hail damage to the Property roof vents and several down spouts but denying as to the Property roof shingles, citing exclusions to the Policy.

56. In the alternative to hail damage, Plaintiff alleges that the damage to the Property roof shingles was sustained due to vandalism.

57. In the alternative to hail damage, the Property experienced damage to the Property roof shingles due to vandalism, which is a covered loss under the Policy.

58. Plaintiff is entitled to coverage for damage to the Property under the Policy.

59. Defendants have failed to indemnify Plaintiff for the covered loss under the Policy.

60. Plaintiff is entitled to a declaration that the Property experienced damage either by (1) hail or (2) vandalism, both of which are a covered loss under the Policy.

61. Plaintiff is entitled to a declaration that Defendants are required to indemnify Plaintiff pursuant to the Policy.

62. There is at present a dispute as to whether Defendants are obligated to indemnify Plaintiff with regard to the hail and/or vandalism damage sustained to the Property.

63. By reason of the foregoing, an actual and justifiable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court.

64. Pursuant to 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto and to give such further relief as may be necessary.

WHEREFORE, Plaintiff, The Cotswolds Townhome Association, respectfully requests that this Court enter judgment declaring: (1) that on or about February 27, 2024, the Property experienced damage either by hail or vandalism; (2) that the hail or vandalism damage to the Property roofs, its shingles, and vents are a covered loss under the Policy; (3) Defendants, Westfield Insurance Company and Old Guard Insurance Company, have a duty to indemnify Plaintiff; and (4) for such other relief this Court finds just and proper.

Respectfully submitted,

**THE COTSWOLDS TOWNHOME ASSOCIATION,**
**an Illinois corporation**

By:  /s/ *Steven M. Laduzinsky*
         One of its attorneys

Steven M. Laduzinsky
Amber M. Juarez
Laduzinsky & Schoop, P.C.
1327 W. Washington Blvd, Suite 5G-H
Chicago, Illinois 60607
(312) 424-0700
admin@laduzinsky.com

9